Hon. Hector Deltoro Assistant Commissioner for Rent Administration State of New York Division of Housing and Community Renewal
You have requested our opinion as to whether the appointment of an attorney as an "owner member" of the Westchester County Rent Guidelines Board would either violate the statutory prohibition contained in the Emergency Tenant Protection Act (ETPA) (Unconsolidated Laws, §§ 8621,et seq.), or would represent a conflict of interest prohibiting his appointment to the Board, when that attorney acts as counsel to an organization of property owners which regularly appears before the Board and regularly brings actions against the Board on behalf of its members.
The Westchester County Rent Guidelines Board is a nine member body, which annually establishes guidelines for rent adjustments for those classes of housing accommodations in Westchester County subject to the ETPA (Unconsolidated Laws, § 8624[a]). All members serve for terms of four years each, appointments being made by the Commissioner of Housing and Community Renewal (ibid.). The Board consists of two members who are representatives of tenants, two members who are representatives of owners, and five "public members" each of whom has had a minimum of five years experience in either finance, economics or housing.
Kenneth J. Gould has been recommended by the Westchester County Board of Legislators as an owner member of the Rent Guidelines Board. Mr. Gould's law firm, Marcus, Rippa and Gould, acts as counsel to the Apartment Owners Advisory Council (AOAC), and Mr. Gould's law partner, Myron Marcus, is Executive Secretary to the AOAC. The AOAC is an organization serving rental property owners in Westchester County. It provides information to these owners regarding compliance with and developments in the law. In representing property owners' interests, the AOAC has engaged in legislative lobbying; has commenced actions against the Rent Guidelines Board on its own behalf, and on behalf of its individual members; and has requested, from the Division of Housing, policies with respect to the implementation of guidelines passed by the Board. The AOAC also appears before the Board to make the principal presentation for Westchester County property owners.
At the present time, Mr. Gould's law firm has no litigation pending against the Rent Guidelines Board, and Mr. Gould has agreed, on behalf of his firm, not to represent the AOAC in any future litigation against the Board during his term as a member. Mr. Gould, however, does wish to have his firm continue to act as counsel to the AOAC. Mr. Gould would continue to participate actively as a member of his firm in this regard. Your question is whether Mr. Gould's actions as counsel to the AOAC while serving as a member of the Rent Guidelines Board constitutes a violation of the provisions of ETPA or a conflict of interest.
In our opinion, Mr. Gould's presence on the Board would violate the ethics provisions of the General Municipal Law. When a rent emergency is found to exist in a city with a population of less than one million, or a town or village, a Rent Guidelines Board will be established for the county in which the subject municipality lies (Unconsolidated Laws, § 8624). Although the appointment to the Board is made by a State officer, the Commissioner of Housing and Community Renewal, the nature of the office is local. Board members have no powers outside of their subject county, and thus the office fits the description of local office as defined in Public Officers Law, § 2: "`local officer' includes * * * every officer limited in the execution of his official functions to a portion only of the state". Members of Rent Guidelines Boards have been found to be local officers for purposes of the State Administrative Procedure Act (Inc. Village of Great Neck Plaza v Nassau County RentGuildelines Board, 69 A.D.2d 528 [2d Dept, 1979]).
Accordingly, as a municipal official, Mr. Gould is subject to the ethics provisions of General Municipal Law, § 805-a. Section 805-a prohibits municipal officers from
 "receiv[ing], or enter[ing] into any agreement, express or implied, for compensation for services to be rendered in relation to any matter before any municipal agency of which he is an officer, member or employee or of any municipal agency over which he has jurisdiction or to which he has the power to appoint any member, officer or employee * * *."
In our opinion, by acting as counsel to the AOAC while a member of the Board, Mr. Gould would enter into an agreement of the type prohibited by section 805-a. Acting as counsel to an organization that appears before the Board while a member of the same Board, violates the statute.
Furthermore, as provided in section 4(a) of the ETPA (Unconsolidated Laws, § 8624[a]), anyone who is a member, officer or employee of any municipal rent regulation agency or the State Division of Housing and Community Renewal, or who owns or manages real estate covered by this law or who is an officer of any owner or tenant organization is prohibited by the ETPA from serving on a rent guidelines board. An apparent purpose of this section is to avoid undue influence or the appearance thereof when a person with a direct interest serves on the Board. The presence of an officer of a tenants' or owners' organization on the Board, which is the body responsible for setting the rent guidelines, would call into question the Board's impartiality and objectivity because, as a matter of course, these organizations appear before the Board at guidelines-setting hearings and regularly bring legal action against the Board. Mr. Gould has indicated that his law firm will continue to act as counsel to the AOAC if he is named to the Board. Although the Act requires that both owners and tenants be represented on the Board, it disqualifies persons who have a direct interest in property subject to regulation. As a member of a law firm serving as counsel to a landlords' organization, it is our opinion that Mr. Gould has a direct interest. The ETPA clearly seeks to keep the advocacy of owners' and tenants' rights separate from the guidelines-setting powers (ibid.). As counsel to the AOAC, Mr. Gould would be actively involved in promoting owners' rights while he sat on the Board. In our opinion, this dual role would violate the statutory objective. Further, as a general proposition, members of public bodies should avoid private sector activities in conflict with their public duties (Op Atty Gen [Inf] 84-21). Even the appearance of impropriety should be avoided (ibid.). Membership on a rent guidelines setting board while also a member of a law firm representing owners in matters before the Board is a conflict of interest.
We conclude that acting as counsel to an organization representing property owners' interests while a member of a Rent Guidelines Board would constitute a violation of the General Municipal Law.